USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SISTER E. JONES-BEY,

                          Plaintiff,

          -against-

VICKNEL POWELL,

                          Defendant.

23-CV-4149 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332, asserting claims arising under state law. By order dated May 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings state law claims against her landlord, Vicknel Powell.[1]  Both parties reside in the Bronx.  Plaintiff contends, however, that Defendant Powell is a citizen of Jamaica.  Since 2020, Defendant has allegedly:  tampered with Plaintiff's mail; subjected her, her children, and her guests, to harassment and "unjust and inhumane treatment"; sprayed her son with a chemical agent; and illegally locked her out of her apartment.  Dkt. No. 1 ¶ III.  Plaintiff alleges that Defendant has cost her "$30,000 in cash" and an "irrepl[aceable] amount of revenue."  *Id.*  Plaintiff seeks $500,000 in damages.  *Id.*

Attached to the complaint is a petition that an attorney filed on Plaintiff's behalf against Defendant in Bronx County Housing Court, asserting claims of wrongful eviction and harassment, and seeking damages.  Dkt. No. 1-1.  The status of that matter is not clear from the complaint.  *See Powell v Jones*, Ind. No. 311520/2021, 169 N.Y.S.3d 798, 2022 WL 2312174, at *3 (N.Y. City Civ. Ct., June 15, 2022) (holding that Plaintiff would have "a meaningful opportunity to adjudicate her harassment and breach of warranty of habitability claims that are already pending and ready for trial in the Housing Part").

On June 13, 2023, Plaintiff filed a motion in this action for an order of protection and to stay "all lower court proceedings" involving Defendant.  Dkt. No. 5.

## DISCUSSION

**A.     Motion for a stay and an order of protection**

The Court construes Plaintiff's motion as requesting preliminary injunctive relief.  To obtain such relief, Plaintiff must show:  (1) that she is likely to suffer irreparable harm and (2) either (a) a

---

[1] Plaintiff has previously filed two lawsuits in this court in which Powell was a defendant.  *See Jones-Bey v. Chen*, ECF No. 1:21-CV-6142, 12 (LTS) (S.D.N.Y. Sept. 17, 2021) (dismissing complaint for failure to state a claim and on immunity grounds), *appeal dismissed as frivolous*, No. 21-2495 (2d Cir. May 17, 2022); *Jones-Bey v. La Casse*, ECF 1:20-CV-9171, 8 (LLS) (S.D.N.Y. Mar. 22, 2021) (dismissing complaint for failure to state a claim and on immunity grounds).

likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.  *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.  This matter is in its early stages, and Plaintiff does not make allegations suggesting that she is entitled to the extraordinary and drastic remedy of preliminary injunctive relief.  Accordingly, Plaintiff's motion is denied without prejudice.

**B.     Order of service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Vicknel Powell through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant.  The Clerk of Court is further instructed to

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C.      Referral to NYLAG

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

### CONCLUSION

The motion to stay lower court proceedings and for an order of protection is denied without prejudice, and the Clerk of Court is directed to terminate it. Dkt. No. 5.

The Clerk of Court is further instructed to: (1) issue a summons for Vicknel Powell; (2) complete the USM-285 forms with the address for this Defendant, (3) deliver to the U.S. Marshals Service all documents necessary to effect service; and (4) mail an information package to Plaintiff, which should include a copy of the NYLAG flyer referenced in Section C of this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when

he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  June 27, 2023
        New York, New York

                                                           GREGORY H. WOODS
                                                          United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Vicknel Powell
1028 Elder Avenue, Ground Floor
Bronx, New York 10472