USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                      :

SISTER E. JONES-BEY,               :

                                     :

                     Plaintiff,     :              1:23-cv-4149-GHW

                                        :

                -v –                   :                  ORDER

                                        :

VIKNEL POWELL,                 :

                                          :

                     Defendant.     :

                                        :

----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Sister E. Jones-Bey commenced this action *pro se* on May 18, 2023 against Viknel

Powell, seeking $500,000 in damages. Dkt. No. 1 (the "Complaint").  Plaintiff asserted that the

Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because she is a citizen

of New York and Defendant is a citizen of Jamaica.  Complaint at 2–3.  Defendant asserted in her

answer to the Complaint that she is a citizen of New York.  Dkt. No. 13.  Accordingly, the Court

issued an order to show cause why the action should not be dismissed for lack of subject matter

jurisdiction on October 17, 2023.

Plaintiff submitted a declaration on October 23, 2023.  Dkt. No. 18.  She acknowledges that

Defendant is a citizen of New York for the purposes of 28 U.S.C. § 1332 and that the Court

therefore lacks diversity jurisdiction.  *Id.* at 2.  However, she asserts that the Court nonetheless has

jurisdiction pursuant to 28 U.S.C. § 1331 because Defendant violated her First, Fourth, and Fifth

Amendment rights.  *Id.* at 3.  The Court construes this as a claim pursuant to 28 U.S.C. § 1983,

which provides a right of action against individuals who violate a plaintiff's constitutional rights.

An individual may only be sued pursuant to 28 U.S.C. § 1983 if they are either a state actor

or a private party acting under the color of state law. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323

(2d Cir. 2001).  A private party acts under color of state law when the private actor "is a willful

participant in joint activity with the State or its agents." *Id.* at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  To assess the color of law element of a § 1983 claim, the Second Circuit applies the standard of Fed. R. Civ. P. 12(b)(6).  *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997).

When assessing a complaint pursuant to 12(b)(6), the court accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are inadequate.  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must allege sufficient facts to state a plausible claim.  *Twombly*, 550 U.S. at 570.  A claim is plausible when the plaintiff pleads facts to support a reasonable inference that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  The plaintiff's claim must be more than merely "speculative."  Twombly, 550 U.S. at 545.  And a reviewing court must "draw on its judicial experience and common sense" to determine plausibility.  *Iqbal*, 556 U.S. at 679 (citation omitted).

Here, Plaintiff does not allege in her Complaint or any other filings that Defendant is a state actor or that Defendant acted under color of state law.  Therefore, Plaintiff fails to state a claim under federal law.  Because Plaintiff has not adequately pleaded federal question or diversity jurisdiction, the Court lacks jurisdiction over this action pursuant to either 28 U.S.C. § 1332 or 28 U.S.C. § 1331 and must dismiss it.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court grants Plaintiff leave to amend her complaint but notes that "federal courts are courts of limited jurisdiction . . ." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006) (quotations omitted)."  In contrast, state courts are courts of "general jurisdiction," and plaintiffs in state court need not show diversity of citizenship to assert causes of action under state law. *Id.*  A

dismissal for lack of jurisdiction in federal court does not prevent Plaintiff from bringing her action in state court.

The conference scheduled for November 2, 2023 is adjourned *sine die*. The Court will reschedule the conference if Plaintiff submits an amended complaint that allows the Court to determine it has jurisdiction over this action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: October 31, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3