```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SISTER E. JONES-BEY,

                             Plaintiff,                1:23-cv-4149-GHW

         -v –                                      ORDER

VIKNEL POWELL,

                            Defendant.
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    Plaintiff Sister E. Jones-Bey commenced this action *pro se* on May 18, 2023 against Viknel Powell. Dkt. No. 1 (the "Complaint"). In the Complaint, she asserted that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. Complaint at 2. On September 13, 2023 Defendant answered the Complaint denying that she was a citizen of a different state than Plaintiff. Dkt. No. 13. Therefore, on October 17, 2023, the Court ordered Plaintiff to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 17. Plaintiff filed a declaration on October 23, 2023, acknowledging that the Court lacked diversity jurisdiction. Dkt. No. 18. However, she asserted that the Court had jurisdiction pursuant to 28 U.S.C. § 1331, because Defendant violated her Constitutional rights. *Id.* at 3. The Court construed this as a claim pursuant to 28 U.S.C. § 1983.

    On October 31, 2023, the Court issued an order explaining that because Plaintiff had not alleged that Defendant was a state actor, she failed to state a claim under 28 U.S.C. § 1983. The Court dismissed the Complaint for lack of subject matter jurisdiction, but granted Plaintiff leave to amend. Dkt. No. 19.

    On November 9, 2023, Plaintiff submitted an amended complaint. Dkt. No. 2 (the "Amended Complaint"). In the Amended Complaint, Plaintiff asserts that the Court has jurisdiction

pursuant to 28 U.S.C. §§ 2201-2202 (the "Declaratory Judgment Act"). *Id.* at 1. But "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts. . . . Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006). Plaintiff does not allege facts in the Amended Complaint that would allow the Court to find any such independent basis for subject matter jurisdiction. Therefore, the Court lacks jurisdiction over this action and must dismiss it. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court denies leave to amend. Because the Court lacks subject matter jurisdiction over this action, any attempt to replead the claims asserted in the Amended Complaint would be futile. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (noting that leave to amend need not be granted where the proposed amendment would be futile). Accordingly, all claims in the Amended Complaint are dismissed without prejudice. However, the Court reminds Plaintiff that a dismissal for lack of jurisdiction in federal court does not prevent Plaintiff from bringing her action in state court.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and close this case.

SO ORDERED.

Dated: December 4, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge